THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACK TOWN-SEND, Defendant-Appellant.

(No. 74-3;

Fifth District—May 29, 1975.

Paul Bradley and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant was convicted of burglary after a jury trial in Madison County and sentenced to from 2 to 6 years. The incident arose on the campus of Southern Illinois University at Edwardsville in the early morning of March 10, 1973.

The State's evidence showed that defendant and another man were observed near an automobile in a parking lot on the campus by a plain-clothes campus police officer, Gerald McGhee. A short time later, the same officer observed them inside the car. The officer contacted his superior, Wayne Schrage, and the two policemen approached the car. Defendant was asked for identification but could produce none; and, though defendant stated that he knew the owner of the car, he did not give the officers the owner's name. Defendant was arrested and searched and a 9-inch table knife was found in the lining of his coat. Officer McGhee testified that a window vent on the car was open, that scratch marks appeared on the chrome around the window and that similar marks appeared on the knife. He further testified that a slide projector was on the front seat of the car. The headlights were off when McGhee first approached the car.

The car was leased by the university and was assigned exclusively to Roy Walker. No one else had permission to drive the car. Walker and his wife testified that the car had been locked late in the evening of March 9, and the projector and other equipment had been placed in the back of the car, a station wagon, under a blanket. Walker testified that when he was taken to the car after the defendant's arrest, the window vent was open, the chrome scratched and the catch was "loose." These conditions had not existed prior to that evening. Walker was positive that he had turned off the car lights when he had earlier locked the car.

The defendant's evidence was that he and his companion had been at a party in a building near the parking lot, though he could not give the arresting officers the address of the party. After they left they walked across the lot and noticed that the car had its lights on. They entered the car and turned off the lights, then remained in the car to smoke a cigarette. Defendant testified that he knew the owner of the car and thought that he would not object. Defendant also stated that he picked up the knife at the party and had put it into his pocket. It slipped into the lining through a hole in his pocket.

Over objection, the jury was informed that defendant had been convicted in Missouri in 1968 of burglary and stealing.

On appeal, defendant alleges that he was not proved guilty beyond a reasonable doubt; that he was prejudiced by improper and argumentative cross-examination by the State; that the trial judge improperly conveyed his opinion of defendant's guilt to the jury; and that the court erred in admitting his prior conviction.

We have reviewed the record carefully and find no merit to these contentions. The State's evidence was clear and detailed, while the defendant's testimony was replete with contradictions and discrepancies. The

prosecutor's cross-examination was perhaps repetitious, but clearly within the bounds of propriety. The judge conducted the trial fairly and judiciously and made no remarks to the jury which could reasonably imply an opinion of guilt. His admission of the prior conviction was a valid exercise of discretion.

We find no error of reversible dimension and feel that no precedential value exists which would require more extensive treatment of the evidence and issues here involved. Therefore, pursuant to our power under Supreme Court Rule 23 (Ill. Rev. Stat., ch. 110A, par. 23), we affirm.

The judgment of the Circuit Court of Madison County is affirmed.

JONES, P. J., and KARNS, J., concur.